UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-00496-FDW

| | | |
|---|---|---|
| **LESTER SAUNDERS NORMAN, JR.,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| **ERIK A. HOOKS,** | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on initial review of Petitioner Lester Saunders Norman, Jr.'s pro se Petition for Writ of Habeas Corpus, 28 U.S.C. § 2254. (Doc. No. 1).

## I. BACKGROUND

Petitioner is a prisoner of the State of North Carolina who, on November 19, 2012, pled guilty in Gaston County Superior Court to two counts of second degree murder, three counts of assault with a deadly weapon inflicting serious injury, felonious eluding arrest with a motor vehicle causing death, reckless driving, resisting a public officer, and various other traffic offenses. See State's Resp. to Pet. for Writ of Cert. ¶ 1, State v. Norman, No. P17-475, 2017 WL 3208392 (N.C. Ct. App. filed July 25, 2017). The convictions were consolidated into three judgments, and Petitioner was sentenced to consecutive prison terms of: (1) a minimum 258, maximum 322 months, (2) a minimum 40, maximum 62 months, and (3) 30 days. See id. Judgments were entered on December 4, 2012. (J., § 2254 Pet. 58, Doc. No. 1.)

Petitioner does not state whether he filed a direct appeal (§ 2254 Pet. 2), but state court filings indicate that he did not, see State's Resp. to Cert. Pet. ¶¶ 1-3, Norman, 2017 WL 3208392. On September 19, 2016, he filed a motion for appropriate relief ("MAR") in the Gaston County

1

Superior Court, which was denied on October 4, 2016.  See id. at ¶ 2.  Thereafter, Petitioner filed a petition for writ of certiorari on July 10, 2017, seeking review in the North Carolina Court of Appeals of the denial of his MAR; the certiorari petition was denied on July 26, 2017.  (Order Den. Cert. Pet., § 2254 Pet. 15.)

Petitioner filed the instant § 2254 Petition in this Court on August 15, 2017, see Houston v. Lack, 487 U.S. 266, 267 (1988).  (§ 2254 Pet. 14.)  He raises the following grounds for relief: 1) ineffective assistance of trial counsel rendered his guilty plea involuntary, unknowing, and unintelligent; 2) the state prosecutor and trial counsel failed to provide Petitioner the entire discovery file, rendering him unable to make an intelligent, informed decision about the state's plea offer; 3) judgment was entered in violation of the Double Jeopardy clause; 4) the prosecutor engaged in misconduct; 5) the plea offer included a charge for which there was no true bill of indictment; and 6) false statements were used against Petitioner at sentencing.  (§ 2254 Pet. 5-8.)

## II. STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which directs district courts to dismiss habeas petitions when it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief.  Rule 4, 28 U.S.C.A. foll. § 2254.  In conducting its review under Rule 4, the court "has the power to raise affirmative defenses sua sponte," including a statute of limitations defense under 28 U.S.C. § 2244(d).  Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002).  The court may dismiss a petition as untimely under Rule 4, however, only if it is clear that the petition is untimely, and the petitioner had notice of the statute of limitations and addressed the issue.  Id. at 706–707.

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 imposes a statute of

limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[1] § 2244(d)(1)(A). The limitations period is tolled during the pendency of a properly filed state post-conviction action. 28 U.S.C. § 2244(d)(2).

Petitioner's judgments were entered on December 4, 2012, when he was sentenced. To the extent he retained the right to a direct appeal subsequent to his guilty plea, Petitioner had 14 days to file a notice of appeal in the North Carolina Court of Appeals. See N.C. R. App. P. 4(a)(2). Because he did not file a direct appeal, Petitioner's judgments became final on or about December 18, 2012, when the time for seeking direct review expired. See § 2244(d)(1)(A).

The statute of limitations then ran for 365 days until it fully expired on or about December 18, 2013, more than three years before Petitioner filed the instant habeas Petition. None of Petitioner's filings in the state courts after that date served to resurrect or restart the federal statute of limitations. See Minter v. Beck, 230 F.3d 663, 665–66 (4th Cir. 2000) (recognizing that state applications for collateral review cannot revive an already expired federal limitations period). Consequently, the petition is time-barred under § 2244(d)(1)(A) unless Petitioner can demonstrate that equitable tolling should apply.

Equitable tolling of the statute of limitations is available only when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631,

---

[1] There are three alternate start dates for the statute of limitations. See § 2244(d)(1)(B)-(D). However, the facts alleged in the instant Petition do not support a finding that any of those apply.

649 (2010) (internal quotation marks omitted).  Under Fourth Circuit precedent, equitable tolling is appropriate in those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (internal quotation marks omitted).

In explaining why his habeas Petition was filed more than a year after his judgments became final, Petitioner asserts that he was never notified of the federal statute of limitations but was told only that his direct appeal rights would be limited. (§ 2254 Pet. ¶ 18.)  He also explains that he only recently learned he could seek post-conviction relief in the state courts by way of a motion for appropriate relief and that since then he has been diligently pursuing his legal rights. (§ 2254 Pet. ¶ 18.)

"[E]ven in the case of an unrepresented prisoner," however, "ignorance of the law is not a basis for equitable tolling." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (citing Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003) ("[E]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted."); United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002) ("[A] petitioner's own ignorance or mistake does not warrant equitable tolling . . . ."); Delaney v. Matesanz, 264 F.3d 7, 15 (1st Cir. 2001) (rejecting the argument that a pro se prisoner's ignorance of the law warranted equitable tolling); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (same)).  Petitioner's ignorance about his right to seek post-conviction review is "neither extraordinary nor a circumstance external to his control."  See Sosa 364 F.3d at 512. The fact that Petitioner has limited access to legal resources in prison (§ 2254 Pet. ¶ 18) also is not "extraordinary."  Accordingly, he is not entitled to equitable tolling of the statute of

4

limitations.

## IV. CONCLUSION

The habeas Petition is untimely under § 2244(d)(1)(A), and equitable tolling is not warranted. Consequently, the § 2255 habeas Petition shall be dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED** as untimely;

2. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: November 17,

Frank D. Whitney
Chief United States District Judge